## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UMBRA TECHNOLOGIES LTD. (UK), & <br> UMBRA TECHNOLOGIES (US) INC., dba <br> UMBRA TECHNOLOGIES, <br><br>                Plaintiffs, <br><br>      v. <br><br> PALO ALTO NETWORKS, INC., <br><br>                Defendant. | Case No. 2:25-cv-00635-JRG-RSP <br> (LEAD CASE) |
| UMBRA TECHNOLOGIES LTD. (UK), & <br> UMBRA TECHNOLOGIES (US) INC., dba <br> UMBRA TECHNOLOGIES, <br><br>                Plaintiffs, <br><br>      v. <br><br> FORTINET, INC., <br><br>                Defendant. | Case No. 2:25-cv-00329-JRG-RSP <br> (MEMBER CASE) |

## [PROPOSED] MODIFIED PROTECTIVE ORDER

WHEREAS, Plaintiffs UMBRA Technologies Ltd.'s (UK) ("UMBRA (UK)") and UMBRA Technologies (US) Inc.'s ("UMBRA (US)"; collectively, "UMBRA" or "Plaintiffs"), Defendant Palo Alto Networks, Inc. ("PAN"), and Defendant Fortinet, Inc. ("Fortinet"), hereinafter referred to each as a "Party" and collectively as the "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; WHEREAS, the Parties seek a modified protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and

---

[1] The term DESIGNATED MATERIAL is used throughout this Modified Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both

unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party,

---

individually and collectively.

upon order of the Court, or as set forth in paragraph 14 herein:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of outside counsel of record in this Action who are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside experts and consultants (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that: (1) such outside experts or consultants are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, (a) the expert or consultant has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least ten (10) calendar days before access to the Protected Material is to be given to that expert or consultant, and (b) the receiving Party provides with the Undertaking the information in subparagraph (i) below.

      i.   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an expert or consultant any information or item that has been designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" first must serve a written notice on the designating Party that (A) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (B) attaches a copy of the expert or consultant's current resume, including a list of publications authored in the last four (4) years, (C) identifies the expert or consultant's current employer(s), (D) identifies each person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise (including in connection with a legal proceeding), at any time during the preceding four (4) years and the party to the legal proceeding for whom such work was done, (E) identifies (by name and number of the case, filing date, and location of court or tribunal) any legal proceeding in connection with which the expert or consultant has offered expert testimony, including through a declaration,

4

report, or testimony at a deposition or trial, during the preceding four (4) years, and (F) attaches a copy of the Undertaking attached as Appendix A, signed by the outside expert or consultant including all of the information to be completed therein. With regard to the information sought through part (D) of this disclosure, if the expert or consultant believes any of this information is subject to a confidentiality obligation to a third party, then the expert or consultant should provide whatever information the outside expert or consultant believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the expert or consultant shall be available to meet and confer with the designating Party regarding any such engagement.

ii.  The party who receives the written request shall have ten (10) calendar days to object in writing to the expert or consultant's receipt of any material or information designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  Any such objection must set forth in detail the grounds on which it is based.  After ten (10) calendar days, if no such objection is made, the party that makes a written request and provides the information specified above may disclose DESIGNATED MATERIAL to the expert or consultant.

iii. If the party who receives the written request makes an objection pursuant to Paragraph 5(e)(ii), the Parties shall make themselves available to meet and confer (through direct voice to voice dialogue) within five (5) calendar days of the written objection. If the dispute is not resolved, the Party objecting to the disclosure will have fourteen (14) calendar days from the date of the meet and confer to raise this matter with the Court, and the objecting Party shall have the burden of proving the need for a protective order.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn and the receiving party may disclose the DESIGNATED MATERIAL to expert or consultant. If relief is sought, DESIGNATED MATERIAL shall not be disclosed to the expert or consultant until the Court resolves the objection, or upon written consent of the Producing Party.

(f)  employees[2] of outside experts and consultants (*i.e.*, those retained for the purpose of this litigation and approved to access such DESIGNATED MATERIAL pursuant to paragraph 5(e) above) working under the supervision of the outside expert or consultant provided that:  (1) such employees are not presently employed by the Parties hereto; (2) such employees have completed the undertaking attached as Appendix A hereto, which outside counsel maintains a copy of, and (3) the expert or consultant is permitted to access DESIGNATED MATERIAL pursuant to Paragraph 5(e).

---

[2] Employees of outside experts need not be disclosed pursuant to paragraphs 5(e)(i-iii) above.

(g)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(h)    the Court and its personnel, and

(i)    any other person for whom the designating party provides written consent.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases)

6

("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a), 5(b), and 5(e)-(i).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) located at the offices of the producing Party's outside counsel.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:30 a.m. through 5:00 p.m. local time at the offices of the producing Party's outside counsel.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The receiving Party shall identify in writing to the producing Party any individual who will be conducting the inspection or will be present during the inspection of the Source Code at least seventy-two (72) hours prior to the first time any such individual is inspecting the Source Code and at least forty-eight (48) hours prior to any subsequent times.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s).  The producing Party will accommodate reasonable requests for review software tools ("Review Software"), to be installed on the stand-alone computer(s) at Receiving Party's expense.  The Receiving Party must provide the producing Party with a CD/DVD/USB drive or file share link containing such Review Software or a link for downloading such Review Software, and any necessary licenses, at least fourteen (14) calendar days before the date

7

upon which the Receiving Party wishes to have the Review Software available for use on the stand-alone computer(s).  At least seven (7) calendar days before the date upon which the Receiving Party wishes to have the Review Software available for use, the producing Party will (i) confirm that it will install such Review Software or (ii) reject the Review Software and explain the reason(s) for rejection.  The parties will meet and confer to resolve any dispute concerning any rejected Review Software and producing Party will not unreasonably deny requests to install Review Software.  The producing Party will not install any Review Software that permits the compiling of source code or which otherwise jeopardizes the security of the source code.

(e)    Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel, employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action, outside experts and consultants (*i.e.*, those retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above), and any other person the producing party consents in writing to providing access.

(f)    The receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code in any way, including copying by handwriting or onto any recordable media or recordable device.  Except as otherwise provided herein, no electronic devices, including cellular phones, PDAs, cameras, and voice recorders, will be permitted in the secure location. The receiving Party's Source Code reviewers will be entitled to take notes relating to the Source Code, such as directories/filenames into the notes, but not verbatim copies of the Source Code itself.  Such notes will be treated the same as original printouts.

(g)    The producing Party may monitor the activities of the Receiving Party's representatives during any review to ensure compliance with the terms of this Modified Protective Order, provided that they shall not monitor the substance of details of the review or in any way interfere with said review.  For example, the producing Party may post a representative outside of the secure room with the stand-alone computer for security, to ensure that only persons permitted under this Modified Protective Order enter the secure room, and to ensure that prohibited items are not carried into the review room. The representative shall not otherwise observe the reviewing personnel for purposes of determining the substance of their review.

(h)    The receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial.  Any Source Code printing must be on 8.5" x 11" paper with a font no smaller than Courier 12 point, and shall not exceed two (2) copies per requested portion of Source Code. Any printed portion that consists of more than twenty (20) pages of a continuous block of Source Code

8

shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  The receiving Party may request to print a maximum of one hundred (100) pages total, but may request to print additional pages (up to another 25 pages) upon demonstration of need, which the producing Party will not unreasonably deny.  The producing Party shall provide all such source code in paper form, including Bates numbers and the label "RESTRICTED CONFIDENTIAL – SOURCE CODE."

(i)  The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code.

(j)  The printed excerpts of Source Code shall me maintained at the offices of outside counsel, expert, or consultant for the receiving Party in a highly secured, locked area, that is not accessible to any persons who are not entitled to review Source Code under this Modified Protective Order. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)  Except as provided in this sub-paragraph, the receiving Party may not create copies or electronic images of the Source Code for use in any manner (including by way of example only, the receiving Party may not scan the Source Code to a PDF or photograph the code).  Source Code shall not be reproduced in Expert Reports, unsealed Court filings, or correspondence. Identification to relevant portions of Source Code in Expert Reports, sealed Court filings, and correspondence designated "Restricted Confidential – Source Code" shall be limited to file names, line numbers, function names, general descriptions, or other information that does not reveal the verbatim contents of the Source Code. If a receiving Party reasonably believes that it needs to submit a portion of Source Code as part of a sealed Court filing or Expert Report, then the receiving Party shall notify the producing Party and the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code. Such Source Code will not be included in the sealed Court filing or Expert Report absent written agreement of the producing Party, which the producing Party will not unreasonably deny. If a producing Party provides written permission to the receiving Party that the producing Party's Source Code may be included in a sealed Court filing, then (a) access to the receiving Party's sealed Court filing containing any portion of Source Code shall at all times be limited solely to individuals who are authorized to view Source Code under this Modified Protective Order; and (b) the receiving Party shall maintain a log of all electronic copies of any Court filing including Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers or recipients of any such electronic copies, and the locations

and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE" as provided for in this Modified Protective Order.

(l)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m)     The producing Party shall provide a manifest, to the extent it exists and is kept in the ordinary course of business, of the contents of the Source Code computer to include a list of Source Code files available for review to the extent practicable.

(n)     Nothing in this Order shall be interpreted as precluding the Receiving Party from requesting inspection of the operation of executable software of an accused product operating within its intended environment.

11.     (a) Absent written consent from the designating party, any individual who has access to RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL") information produced by the opposing Party shall not be involved, directly or indirectly, in preparing, prosecuting, supervising, or assisting in the preparation or prosecution of any patent application or claims relating to establishing and managing wide area networks, firewalls, malware analysis, cloud-based threat detection, or network security. (b) Notwithstanding the foregoing, for outside experts and consultants cleared under Section 5(e) of this Order who have not accessed HIGHLY SENSITIVE MATERIAL as of the entry of this Modified Protective Order, the scope of this prosecution bar as to patents and applications on which the outside expert or consultant is a named inventor shall be limited to the subject matter recited in the "Field of the Disclosure" section of the patents-

in-suit, as well as to systems and methods for protecting computer networks using packet-filtering rules and/or security policies.  For the avoidance of doubt, outside experts and consultants shall remain subject to the full prosecution bar set forth above in Section 11(a) with respect to all patents on which they are not a named inventor, *i.e.*, they shall not be involved, directly or indirectly, in preparing, prosecuting, supervising, or assisting in the preparation or prosecution (drafting, amending, or otherwise advising) of any patent application or claims relating to establishing and managing wide area networks, firewalls, malware analysis, cloud-based threat detection, or network security.  For the sake of clarity, and without limitation, this precludes all advising, consulting, reviewing, claim mapping or charting, or other support to any person, counsel, or entity in connection with prosecution of patent applications or claims on which the outside expert or consultant is not a named inventor.  For purposes of this paragraph "prosecution" means drafting, amending, or otherwise advising regarding the scope or maintenance of patent claims in a patent application or patent.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, post grant review or *inter partes* review) provided, however, that they do not rely upon or use the Producing Party's HIGHLY SENSITIVE MATERIAL in those proceedings and that such representation does not include any involvement in seeking to amend the claims to enlarge or narrow their scope or add new claims.  This Prosecution Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end two (2) years after final termination of this Action.  The Prosecution Bar shall apply on an individual-by-individual basis and not to a law firm or to an entity; for the sake

of clarity, counsel and employees at a law firm or Party to this litigation who do not have access to  HIGHLY SENSITIVE MATERIAL shall not be subject to this Prosecution Bar; provided, however, that counsel for each receiving party shall implement measures to ensure that no HIGHLY SENSITIVE MATERIAL may be accessed by any attorney or patent agents in any way involved with such prosecution.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.

The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 8, 9, and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance

13

with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY."

16.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) calendar days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.    In accordance with Paragraph 5(e) & (f), each outside consultant or expert and their employees to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign the Undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the Undertaking is attached as Appendix A.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) calendar days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.    Within thirty (30) calendar days of final termination of this Action, including any appeals,  all DESIGNATED MATERIAL, including all copies, duplicates, abstracts,

indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.      Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.      Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UMBRA TECHNOLOGIES LTD. (UK), & | § | |
| UMBRA TECHNOLOGIES (US) INC., dba | § | |
| UMBRA TECHNOLOGIES, | § | Case No. 2:25-cv-00635-JRG-RSP |
| v. | § | |
| | § | |
| PALO ALTO NETWORKS, INC., | | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Modified Protective Order in this action.  I have carefully read and understand the provisions of the Modified Protective Order.

3.    I will comply with all of the provisions of the Modified Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Modified Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel

1

for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Modified Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____